[Cite as *State v. Knicely*, 2014-Ohio-3437.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

   Appellee

v.

Donald R. Knicely

   Appellant

Court of Appeals No. E-13-049

Trial Court No. TRC 1301582

**DECISION AND JUDGMENT**

Decided: August 8, 2014

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski and Frank Romeo Zeleznikar, Assistant Prosecuting
Attorneys, for appellee.

John M. Felter, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Donald Knicely, appeals the judgment of the Erie County

Municipal Court, Milan, Ohio, denying his motion to suppress. Because the trial court's

denial of the motion was proper, we affirm.

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court erred by denying defendant's motion to suppress evidence.

**{¶ 3}** On April 20, 2013, appellant was driving a truck in Erie County when he pulled from one road onto another road and squealed his tires. Appellant's actions were observed by an Erie County Sheriff's Department officer who was driving past. The officer intended to stop and cite appellant for an improper start, so the officer turned his vehicle around and then saw appellant apply the brakes and abruptly turn into a driveway on private property which led to a farmhouse. It was the officer's impression that appellant was being elusive and, in addition, the officer was under the assumption that the farmhouse property was vacant. The officer, without activating the lights on the police car, followed appellant down the driveway to the back of the property.

**{¶ 4}** By the time the officer reached the back of the property, appellant had already stopped the truck, gotten out and was walking toward the farmhouse. The officer approached appellant and questioned appellant as to why appellant was on the property and whether appellant knew anybody at the house. After the officer talked with and observed appellant, the officer arrested appellant and charged him with operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (b), suspended driver's license in violation of R.C. 4510.11(A), and improper start in violation of R.C. 4511.38. Appellant pled not guilty and filed a motion to suppress

2.

claiming the officer did not have reasonable and articulable grounds to stop appellant, and that the breath test machine administered to appellant was improperly operated.

{¶ 5} A hearing was held on the motion to suppress and following testimony and the admission of evidence, appellant withdrew his claim that the breath test machine was improperly operated. Thus, the only issue pending was that of the stop or encounter between the officer and appellant. The trial court denied appellant's motion to suppress on the grounds that the officer was reasonable in following appellant down the driveway of a property that the officer believed was vacant, and the officer did not stop appellant as appellant was already stopped and out of his vehicle when approached by the officer.

{¶ 6} "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures." *State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 15. When a police officer stops a vehicle and detains its occupants, a seizure within the meaning of those provisions has occurred. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Accordingly, to effectuate a traffic stop, an officer must have probable cause to believe that the driver is violating a traffic or equipment regulation or there is articulable and reasonable suspicion that the vehicle or its occupant is subject to seizure for violating the law. *Id.* at 661, 663. In order to determine the validity of a challenged seizure, the totality of the circumstances must be considered. *State v. Gardner*, 135 Ohio St.3d 99, 2012-Ohio-5683, 984 N.E.2d 1025, ¶ 17.

3.

**{¶ 7}** The Supreme Court of the United States has identified three categories of police-citizen interactions: (1) a consensual encounter, which requires no objective suspicion and does not implicate the Fourth Amendment; (2) a brief, investigatory detention or stop, which must be supported by a reasonable, articulable suspicion of criminal activity; and (3) an arrest, which must be supported by probable cause. *Florida v. Royer*, 460 U.S. 491, 501-507, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *United States v. Mendenhall*, 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

**{¶ 8}** Here, the encounter between the officer and appellant falls under one of two categories: a consensual encounter or an investigatory stop.

**{¶ 9}** A consensual encounter occurs when police approach a person, usually in a public place, the police engage the person in conversation, and the person remains free to walk away without answering. *State v. Wolske*, 6th Dist. Wood No. WD-97-061, 1998 WL 336623 (May 29, 1998). Consensual encounters also include "'requesting information from the person, examining the person's identification, and asking for the person's permission to search his or her belongings.'" *Id.*, quoting *Florida v. Rodriguez*, 469 U.S. 1, 4-6, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984). Any restraint of a person's liberty by physical force or display of authority by police negates the consensual nature of the contact. *Mendenhall, supra,* at 554. The determination of whether a reasonable person would feel free to walk away is based on the totality of the circumstances of that case. *Id.*

4.

{¶ 10} An investigatory stop or detention happens where the police-citizen encounter is such that a reasonable person would not feel free to walk away and leave. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To warrant an investigative stop, a police officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Unusual conduct, including evasive behavior, which is observed by a police officer provides a reasonable basis for the officer to suspect, in light of the officer's experience, that criminal activity may be afoot such that a stop is warranted. *Id.* at 30; *Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Reasonable suspicion has been defined as something more than an "inchoate and unparticularized suspicion or 'hunch,'" but less than the level of suspicion required for probable cause. *Terry, supra*, at 27.

{¶ 11} Here, the totality of the circumstances supports the conclusion that the entire encounter between the officer and appellant was consensual. The initial contact between the officer and appellant did not occur as the result of a stop, as appellant was not in a vehicle when the officer asked appellant why he was on vacant property. Further, even though appellant was not on a street or in a public place when his first interaction with the officer occurred, appellant was not the owner of the property and no evidence was presented that he had any expectation of privacy in that property. In addition, the officer's inquiries of appellant regarding why appellant was on the property and whether appellant knew anybody at the house do not have the indicia of a display of

physical force or authority which would have caused a reasonable person in appellant's position to believe that he was not free to decline the officer's questions or otherwise terminate the encounter. *See Florida v. Bostick*, 501 U.S. 429, 435, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Even if it were assumed that the consensual encounter escalated to an investigatory stop at the time the officer asked appellant questions, any seizure at that point in time was supported by the officer's reasonable and articulable suspicion that criminal activity had occurred or was imminent. The officer had observed appellant violating a statute, exhibiting evasive behavior and driving onto vacant property. The officer then noticed that appellant was unsteady on his feet, spoke slowly and heavily and had red, bloodshot eyes. While any of these events, individually, may not have been sufficiently indicative of criminal activity to justify an investigatory stop, when the events are viewed in totality, they are sufficient to justify the stop. Appellant's sole assignment of error is found not well-taken.

{¶ 12} The judgment of the Erie County Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                                   _____

                                                                                   JUDGE

Thomas J. Osowik, J.

                                                 _____

James D. Jensen, J.                                                           JUDGE
CONCUR.

                                                 _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.